U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 28 2012
CLERK, U.S. DISTRICT COURT
by
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEPHEN WAYNE JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:11-CV-760-A |
| | § | |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Stephen Wayne Johnson, a state prisoner currently incarcerated in Lubbock, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

## I. Factual and Procedural History

In 2010 petitioner was charged by indictment with the felony offense of driving while intoxicated (DWI), third or more, in Parker County, Texas, in Case No. CR10-258. (State Habeas R. at 31) The indictment alleged petitioner committed the offense on or

about January 14, 2010, and that, prior thereto, petitioner had been finally convicted of DWI in 1999 in Palo Pinto County and in 1996 in Parker County. ( *Id.*) The indictment also included two enhancement paragraphs. "Enhancement One" alleged that petitioner committed the primary offense and that, prior thereto, petitioner had been finally convicted in 2010 of the felony offenses of unlawful possession of a firearm by a felon and felony driving while intoxicated. "Enhancement Two" alleged that petitioner committed the primary offense and that, prior thereto, petitioner had been finally convicted in 1991 in three separate cases of the felony offenses of delivery of a controlled substance in Palo Pinto County, Texas. (*Id.* at 32-33)

On October 25, 2010, pursuant to a plea agreement, petitioner entered a guilty plea to the primary offense and pleas of true to the enhancement paragraphs in the indictment and was sentenced to 25 years' confinement. (*Id.* at 39) Petitioner did not directly appeal his conviction or sentence. (Pet. at 3) Petitioner filed a state habeas application, raising one or more of the claims presented in this federal petition, which was denied without written order by the Texas Court of Criminal Appeals. (State Habeas R. at cover)

## II. Issues

Generally, petitioner raises three grounds for relief, in which he claims he received ineffective assistance of trial counsel (grounds one and two) and he was denied a full and fair hearing in the state habeas proceeding (ground three). (Pet. at 7-8)

## III. Rule 5 Statement

Respondent believes that petitioner has exhausted his state court remedies as to the claims raised and that the petition is not barred by limitations or subject to the successive petition bar. (Resp't Ans. at 3) 28 U.S.C. §§ 2254(b), (c) & 2244(b), (d).

## IV. Discussion

### *Legal Standard and for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court

arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption applies to all findings, express and implied. *See Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Finally, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir.

1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[1]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002).

***Ineffective Assistance of Counsel***

Petitioner claims he received ineffective assistance of counsel at trial because (1) counsel failed "to file a motion to withdraw the enhancement clause," (2) counsel failed "to challenge his enhancement due to the use of the improper sequence and the insufficiency of the evidence to support his felony DWI," (3) counsel's misrepresentation resulted in a sentence that is cruel and unusual, (4) counsel failed "to move to suppress his DWI video tape made at the Park County Jail after his arrest and for not admitting it at his plea hearing," (5) counsel failed to interview state witnesses regarding his field sobriety and breathalyzer tests, (6) counsel failed to conduct an independent examination of the facts, circumstances, pleadings, and law involved in his case, (7) counsel failed "to present the trial court with the necessary

---

[1]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

documents to support his assertions regarding the validity of the first DWI, misdemeanor, Cause No. CCL 96-0068, 4/29/1996, which was probated 2 years suspended sentence that was never revoked and completed in 1998," and (8) counsel failed to "hold the appeal/state/court, to the Texas DWI's statue [sic] 49.09, Tex. Pen. Code. to prove only the prior convictions for DWI's . . . caus[ing] [him] unfair prejudice when she allowed a probated misdemeanor conviction Cause No. CCL 96-0068, to be used that was never revoked." (Pet'r Mem. at 1-7)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI. To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered unknowing or involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland v. Washington* , 466 U.S. 668, 687 (1984).

However, by entering a knowing, intelligent and voluntary guilty plea, a defendant waives all nonjurisdictional defects in

the proceedings preceding the plea, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith*, 711 F.2d at 682; *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981). A guilty plea is knowing, voluntary and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). If a challenged guilty plea is knowing, voluntary and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979).

In this case, there is no reporter's record of the plea proceedings and there was no hearing or specific factfinding in the state habeas proceedings. The state habeas court merely "ordered" that there were no disputed issues of fact; that petitioner's claims were not proper claims for habeas corpus relief; and that all of the claims for relief raised in petitioner's application were without merit. (State Habeas R. at 30) The documentary evidence, however, supports the state court's determination.

Petitioner executed the written plea admonishments, waiver of rights and judicial confession, joined by his counsel, in which petitioner was admonished that the range of punishment he was subject to was 25 years to 99 years or life imprisonment and in which he acknowledged that he was aware of the consequences of his plea, that he believed he was mentally competent, that his plea was made freely, knowingly, and voluntarily, that he waived his legal rights, that he was "completely satisfied" with the representation given by counsel, and that counsel provided him "fully effective and competent representation." (*Id.* at 34-38) *Blackledge*, 431 U.S. at 74; *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981). Petitioner also judicially confessed to committing the offense as charged in the indictment and true to any enhancement paragraphs, and the trial court, having observed petitioner in court, was satisfied that petitioner understood his rights, the waivers and the judicial confession and found, as a fact, that petitioner was competent and that his plea was intentionally, knowingly, and voluntarily entered. (*Id.* at 37-38)

Petitioner's representations during the plea proceedings "carry a strong presumption of verity," and the official records, signed by petitioner, his counsel and the state trial judge are entitled to a presumption of regularity and are accorded great

evidentiary value. *Blackledge*, 431 U.S. at 74; *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974). Petitioner's claims, after the fact, unsupported by legal authority or evidence, are insufficient to rebut the presumption that he received effective assistance of counsel and the presumption of regularity of the state court records. *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999) (same).

Because petitioner's guilty plea was knowingly, intelligently and voluntarily made, his ineffective assistance claims, which involve counsel's alleged acts or omissions preceding the plea, and not the voluntariness of the plea, are waived. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004); *United States v. Broce*, 488 U.S. 563, 573-74 (1989); *Boykin*, 395 U.S. at 243; *United States v. Williams*, 61 Fed. Appx. 120 (5th Cir. 2003).

***State Habeas Proceedings***

Petitioner also claims "the trial court and state erred by making a reply to [his] claims of ineffective assistance of counsel" in his state habeas application and recommending denial of relief without conducting a live or paper hearing, which violates the mandatory provision in article 11.07, § 3(d) of the Texas Code

of Criminal Procedure. (Pet'r Mem. at 7-9) Alleged deficiencies in state habeas proceedings are not a basis for federal habeas relief. *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). Further, upon review of the documentary record, it does not appear an evidentiary hearing was warranted.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED February 28, 2012.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE